

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Case: 1:22−mc−00034
Assigned To : Unassigned
Assign. Date : 3/21/2022
Description: Misc. (O−DECK)

| | |
|---|---|
| U.S. Army ROTC ECP Cadet JOHN DOE, | |
| *Plaintiff*, | Civil Action No. 22-___ |
| v. | Chief Judge Beryl A. Howell |
| JOSEPH R. BIDEN, JR., *President of the United States, et al.*, | |
| *Defendants.* | |

### MEMORANDUM AND ORDER

Plaintiff, "a nineteen-year-old male ROTC Early Commissioning Program (ECP) candidate" who is "currently a drilling member of the Army National Guard," Compl. ¶ 15, has moved to proceed under pseudonym, Pl.'s Mot. to Proceed Pseudonymously ("Pl.'s Mot."), in the instant action challenging defendants' vaccination policies and their interference with his "fundamental right to the free exercise of religion," Compl. ¶ 3. For the reasons set forth below, plaintiff's motion is denied, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

### I.   BACKGROUND

Plaintiff is a "member of the Pennsylvania National Guard" and a student cadet in the United States Army ROTC ECP, who is "projected to graduate from that program" and "receive a reserve officer commission in the U.S. Army" in May 2022. *Id*. ¶ 1. As a "member of the

---

[1] The instant motion has been directly referred to the undersigned Chief Judge for resolution. *See* D.D.C. LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . in any case not already assigned: motion to seal the complaint, motion to seal the address of the plaintiff, and motion to file a pseudonymous complaint"); *see also* D.D.C. LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

Orthodox Christian Church," *id.* ¶ 16, he "objects to receiving any of the currently available mRNA COVID-19 vaccinations based on his sincerely held religious beliefs," and to receiving "any non-mRNA COVID-19 vaccination administered before June 1, 2022, because he was infected with COVID-19 in December 2021, has natural immunity, and two physicians who treated him have provided recommendations that he receive no vaccination of any type earlier than" that date, *id.* ¶ 2.

Plaintiff, however, has been informed that "his religious exemption request is likely not to be adjudicated earlier than September 2022," rendering him "ineligible for commissioning on May 12, 2022, without a completed COVID vaccine," and that "his medical exemption request has been denied further consideration." *Id.* ¶ 20. In the instant suit, plaintiff seeks a declaration that "Defendants' vaccination policies" violate the First Amendment to the Constitution, the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*, and the Administrative Procedure Act, 5 U.S.C. § 500, *et seq.*, as well as an injunction "prohibiting Defendants . . . from preventing Plaintiff's accession and commission to the rank of Second Lieutenant in the National Guard" and "enforcing the vaccination policies"; monetary damages; and "[a]n order declaring unlawful and setting aside Defendants' vaccination policies," Compl. at 24–25. Plaintiff moves to proceed pseudonymously to protect his "personal intimate information," including his "religious convictions" and "medical decisions and past infections," Pl.'s Mot. ¶ 5, and to avoid being "labeled as an 'anti-vaxer'" and "targeted for retaliation in the course of his career," *id.* ¶ 6.

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); FED. R. CIV. P.

11(a) (requiring "[e]very pleading, written motion, and other paper," including submissions by an unrepresented party, to "be signed" with "the signer's address, e-mail address, and telephone number"); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings."  *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system."  *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties."  *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure provide a narrow set of circumstances in which a party or nonparty's name and other filings may be redacted to protect privacy by limiting public access.  *See, e.g.,* FED. R. CIV. P. 5.2 (a)(1)–(4) (requiring, "[u]nless the court orders otherwise," use of only initials for minors, and only partial birthdates and social-security, taxpayer-identification, and financial account numbers); FED. R.

CIV. P. 5.2(e)(1) (authorizing court order, for good cause, to "require redaction of additional information").

Courts also, in special circumstances, may permit a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, the "balancing test is necessarily flexible and fact driven" and the five factors are "non-exhaustive." *In re Sealed Case*, 971 F.3d at 326. In exercising discretion "to grant the rare dispensation of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted' . . . tak[ing] into account the risk of unfairness to the opposing party, as well as the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*,

56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.    DISCUSSION

At this early stage of the litigation, plaintiff has not persuasively met the burden of showing that the legitimate privacy interests he holds outweigh the public's presumptive interest in knowing the details of this litigation.  Plaintiff has articulated no privacy interest sufficient to rebut the presumption in favor of open proceedings.

The first *James* factor—"whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature," *In re Sealed Case*, 931 F.3d at 97—weighs heavily against plaintiff.  Plaintiff argues that pseudonymity is justified because his "sincere religious beliefs" and "medical decisions and past infections," Pl.'s Mot. ¶ 5, are "personal intimate information justifying anonymity," *id*. (quoting *Doe v. Merten*, 219 F.R.D. 387, 392 (E.D. Va. 2004)).  Plaintiff asserts, in conclusory fashion, that "[d]ecisions regarding vaccinations, illness and treatment . . . are just like decisions regarding birth control," which other circuits have cited as grounds to allow a plaintiff to proceed under pseudonym.  *Id.* (citing *Doe*, 219 F.R.D. at 392).  This is not an obvious conclusion to reach, since birth control methods and choices engage far more personal physical and medical details than, as here, a shot in the arm with a vaccination or identifying as a Christian, which millions of people do in this country and around the world.  *Cf. Doe*, 219 F.R.D. at 392 (finding plaintiffs' "immigration status was not 'a matter of sensitive and highly personal nature,' such that requiring plaintiffs to reveal their identities would require them to divulge personal information of the utmost intimacy" (quoting *James*, 6 F.3d at 238, other internal citations omitted)).  Without more, what plaintiff deems

5

"personal intimate information" is insufficient grounds "to grant the rare dispensation of anonymity," *Microsoft Corp.*, 56 F.3d at 1464, and indeed plaintiff cites no cases from the D.C. Circuit in support of his position. Even if some information regarding the details of plaintiff's medical history and treatment, beyond having had COVID, were sensitive and highly personal, this would at most warrant limited sealing of that information. The first *James* factor weighs against permitting plaintiff to proceed pseudonymously.

The second *James* factor, "whether identification poses a risk of retaliatory physical or mental harm," *In re Sealed Case*, 931 F.3d at 97, further weighs against plaintiff because the asserted risk of retaliatory harm is both speculative and minimal. Plaintiff asserts that "[i]n the present climate, he is likely to be labeled as an 'anti-vaxer' – which he is not," and "his reputation tarnished both inside and outside of the military," which could make him "likely to be targeted for retaliation in the course of his career." Pl.'s Mot. ¶ 6. The risk of retaliation that plaintiff describes is entirely speculative, however, and the risk of harassment and criticism represents the quintessential "annoyance and criticism that may attend any litigation," *In re Sealed Case*, 931 F.3d at 97, and is far less severe than the degree of serious mental harm or physical danger necessary to override the strong public interest in transparent legal proceedings. *See Qualls v. Rumsfeld*, 228 F.R.D. 8, 12 (D.D.C. 2005) ("bringing litigation can subject a plaintiff to scrutiny and criticism and can affect the way plaintiff is viewed by coworkers and friends, but fears of embarrassment or vague, unsubstantiated fears of retaliatory actions by higher-ups do not permit a plaintiff to proceed under a pseudonym"); *see also Doe v. Court of Common Pleas*, No. 17-cv-1304 (CB), 2017 WL 5069333, at *2 (W.D. Pa. Nov. 3, 2017) (denying request to proceed under pseudonym based on plaintiff's argument "that anonymity is necessary to protect her from unwanted media attention and a potentially negative public

response to the allegations in the Complaint" as "not sufficient to outweigh the public's right to access court proceedings."). The second *James* factor thus weighs against granting plaintiff's motion.

Likewise, the third *James* factor, "the ages of the persons whose privacy interests are sought to be protected," *In re Sealed Case*, 931 F.3d at 97, weighs against granting plaintiff's motion because the privacy interests of minors are not implicated. *See* Pl.'s Mot. ¶ 6.

The fourth *James* factor, the fact that this suit is against the government, also weighs against granting plaintiff's motion, as the law is well-settled that "there is a heightened public interest when an individual or entity files a suit against the government." *In re Sealed Case*, 971 F.3d at 329. Here, plaintiff seeks an injunction "prohibiting the Defendants . . . from enforcing the vaccination policies challenged in this Complaint," Compl. at 25, and the public interest in knowing the detail of the litigation that could affect government policy broadly is particularly great.

The fifth *James* factor weighs slightly in plaintiff's favor, because allowing plaintiff to proceed under pseudonym will not prejudice defendants in any way. Plaintiff's identity is presumably known to defendants through his ROTC enrollment, or could be disclosed to them through counsel. There is no reason to think that allowing plaintiff to proceed under pseudonym would compromise defendants' ability to defend this action or pose any "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008).

Taking these factors together, plaintiff has presented no compelling justification for "the rare dispensation of pseudonymous status," *In re Sealed Case*, 971 F.3d at 328, and thus has

failed to demonstrate a need for secrecy or identify consequences likely to befall plaintiff if he proceeds in his own name.

IV. **CONCLUSION AND ORDER**

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Proceed Pseudonymously is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall not file the Complaint on the docket unless it is filed with the plaintiff's full name and residential address in accordance with this Memorandum and Order.

**SO ORDERED.**

Date: March 21, 2022

BERYL A. HOWELL
Chief Judge